IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


|  |  |
|---|---|
| RUSSELL JACKSON, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) Civil Action No. 08-585 |
| | ) Judge Donetta W. Ambrose/ |
| C.O.I. MURPHY, | ) Magistrate Judge Amy Reynolds Hay |
| Defendant | ) |


## REPORT AND RECOMMENDATION


### RECOMMENDATION

It is recommended that the case be transferred to the United States District Court for the Middle District of Pennsylvania.  It is further recommended that Plaintiff's request for pauper status be provisionally granted until the case is transferred to the Middle District for that court to make a final determination of that request.

### REPORT

Russell Jackson ("Plaintiff") seeks to file a civil rights suit against Corrections Officer Murphy who was employed at SCI-Camp Hill, where, at the time of the events giving rise to this case, Plaintiff was incarcerated.  SCI-Camp Hill is located within the geographical boundaries of the United States District Court for the Middle District of Pennsylvania.  Because all of the factual circumstances which give rise to this cause of action occurred in the Middle District of Pennsylvania, venue is more properly had there.  Accordingly, this suit should be transferred to the United States District Court for the Middle District of Pennsylvania.

Plaintiff has filed motion to proceed in forma pauperis (IFP) in order to pursue a civil rights suit under 42 U.S.C. § 1983, against the sole defendant, Corrections Officer Murphy, who is alleged to have utilized excessive force against Plaintiff on or about February 12, 2008.  This event took place at SCI-Camp Hill, which the court takes judicial notice of is located at Camp Hill, PA 17001-8837.[1]  Camp Hill, Pennsylvania is located in Cumberland County, which is within the territorial boundaries of the United States District Court for the Middle District.   28 U.S.C. § 118(b).   It appears however that since the incident in February, Plaintiff has been transferred to SCI-Pittsburgh, which was recently reopened.

**Venue**[2]

As the Court of Appeals has observed,"[s]ection 1983 contains no special venue provision. *See Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir.1976).  Therefore, the general venue provisions of 28 U.S.C. § 1391 apply. " Urrutia v. Harrisburg County Police Dept.,  91 F.3d 451, 462 (3d Cir. 1996).  Section 1391 provides in relevant part that

A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district

---

[1]  http://www.cor.state.pa.us/camphill/site/default.asp

(Site last visited 5/20/08)

[2] The issue of proper venue may be raised sua sponte by a court.  See Stjernholm v. Peterson, 83 F.3d 347, 349 (10th Cir. 1996).  To the extent that such action by a court requires notice to the Petitioner and an opportunity to be heard before a transfer on grounds of venue, the procedure of issuance of this report and recommendation and the opportunity to file objections provides the necessary notice and opportunity to be heard.  See, e.g., Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998)("Here, the Magistrate Judge's Memorandum and Recommendation placed Magouirk on notice that procedural default was a potentially dispositive issue with respect to three of his claims.  Magouirk responded to the Magistrate Judge's sua sponte invocation of procedural default within the ten- day time period allowed for filing objections to the report.   Thus, Magouirk was afforded both notice and a reasonable opportunity to oppose application of the procedural default doctrine in the district court."); Canady v. Baker, 142 F.3d 432 (Table), 1998 WL 123996, *1 (6th Cir. 1998)(same).

2

where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).  The complaint indicates that the sole defendant, Corrections Officer Murphy is employed at SCI-Camp Hill which is located in the Middle District.  This supports the inference that Corrections Officer Murphy resides in the Middle District.

In addition, it appears that not only a "substantial part of the events or omissions giving rise to the claim occurred" in the Middle District but **all** of the events or omissions occurred in the Middle District. As such, it appears that venue is properly laid in the Middle District.

A district Court is granted discretion to sua sponte transfer cases by 28 U.S.C. § 1404(a) which provides in relevant part that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  See Robinson v. Town of Madison, 752 F.Supp. 842, 846 (N.D. Ill. 1990)("A court's authority to transfer cases under § 1404(a) does not depend upon the motion, stipulation or consent of the parties to the litigation.").

Thus, the court is presented with the question of whether transfer to the Middle District is "for the convenience of the parties and witnesses [and] in the interest of justice."  In performing this analysis, the courts may rely upon traditional venue considerations.

In ruling on § 1404(a) motions,

courts have considered a host of factors that flesh out the considerations enunciated in the statute (convenience of parties, convenience of witnesses, and the interest of justice).  The analysis is flexible and must be made on the unique facts of each case. Piper Aircraft Co. v. Reyno, 454 U.S. 235, 249-50(1981); Van

3

Dusen, 376 U.S. at 623.  In Gulf Oil v. Gilbert, 330 U.S. 501 (1946), the Supreme Court listed two sets of factors that should be considered in deciding a transfer request.  The Gulf Oil factors fall into two broad categories.  One category is factors relating to the private interests of the parties to the litigation, including: the plaintiff's choice of forum, ease of access to sources of proof, availability of compulsory process over unwilling witnesses, obstacles to a fair trial and "all other practical problems that make trial of a case easy, expeditious and inexpensive." Id. at 508.  The other category consists of factors involving the public interests in administration of the courts and adjudication of cases, including: court congestion and other administrative difficulties, placing the burden of jury duty on those having the closest ties to the action, local interests in having cases adjudicated at home, and familiarity of the forum court with the applicable law.  See id. at 508-09.

Having given due consideration to all of the above factors, it is this court's considered opinion that those factors weigh in favor of transferring this case to the United States District Court for the Middle District of Pennsylvania.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the plaintiff is allowed ten (10) days, that is, until June 9, 2008, to file written objections to this Report.  Failure to timely file objections may constitute a waiver of any appellate rights.

Respectfully submitted,

/s/  Amy Reynolds Hay
United States Magistrate Judge

Dated:  22 May, 2008

cc:     The Honorable Donetta W. Ambrose
        Chief United States District Judge

        Russell Jackson
        HF-6013
        P.O. Box 99991
        Pittsburgh, PA 15233

4