UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

RUSSELL JACKSON, :
: 
    Plaintiff : No. 4:CV-08-1244
:
  vs. : (Complaint Filed 06/30/08)
:
: (Judge Muir)
C.O. I. MURRY, :
:
    Defendant :

**MEMORANDUM AND ORDER**

January 29, 2010

    Plaintiff, Russell Jackson, an inmate at the State Correctional Institution, Camp Hill, Pennsylvania, filed the above captioned civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 3, complaint). The sole defendant is C.O. Murry. Plaintiff alleges that on or about February 12, 2008, Murry grabbed him as he entered his cell, pushed him towards the wall and struck him in the ribs, fracturing his ribs. Id. Thus, plaintiff claims that his rights under Eighth Amendment to the United States Constitution were violated. Id.

    On October 9, 2009, defendant Murry filed a notice stating that plaintiff passed away during the pendency of this action. (Doc. 34). Earl Jackson and Irene Jackson, were identified as

being the decedent's next of kin.[1] By Order dated October 27, 2009, the Court directed that plaintiff's successor file a motion for substitution in accordance with FED.R.CIV.P.25(a)(1), on or before January 25, 2010. (Doc. 35). The Order forewarned that failure of plaintiff's successor to file a motion for substitution within the relevant time period would result in dismissal of the action pursuant to FED.R.CIV.P. 41. As of the date of this Order, plaintiff's successor has neither file a motion for substitution nor requested an enlargement of time within which to do so. Thus, for the reasons that follow, the Court will dismiss the action.

**Discussion**

When a plaintiff fails to prosecute or comply with a court order, the court may dismiss the action, with prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Link v. Wabash Railroad Co., 370 U.S. 626, 629 (1962). In Link, the Supreme Court stated:

> The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to

---

1. The addresses for Earl Jackson and Irene Jackson are listed on defendant's certificate of service of the Suggestion of Death. (See Doc. 34).

> prevent undue delays in disposition of pending cases and to avoid congestion in the calendars of the District Courts. The power is of ancient origin, having its roots in judgment of nonsuit and non prosequitur entered at common law. . . . It has been expressly recognized in Federal Rule of Civil Procedure 41(b)....

Id. at 629-30.

There has been no activity on this case since the issuance of this Court's October 27, 2009 Order. Thus, it is clear that plaintiff's successor has failed to comply with this Court's Order and prosecute the case. Under these circumstances, it would be a waste of judicial resources to allow this action to continue. This Court is satisfied that based on the present circumstances, dismissal for failure to prosecute is warranted. See Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984). Pursuant to Federal Rule of Civil Procedure 41(b), the above-captioned action will be dismissed for both failure to prosecute and comply with a Court order. An appropriate Order accompanies this Memorandum Opinion.

/s/ Muir
MUIR
United States District Judge

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

RUSSELL JACKSON, :
:
    Plaintiff : No. 4:CV-08-1244
:
vs. : (Complaint Filed 06/30/08)
:
: (Judge Muir)
C.O. I. MURRY, :
:
    Defendant :

### ORDER

January 29, 2010

For the reasons set forth in the accompanying Memorandum,

**IT IS HEREBY ORDERED THAT:**

1. Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, plaintiff's complaint is dismissed for failure to prosecute and comply with a court Order.

2. The Clerk of Court is directed to close this case.

3. Any appeal taken from this order will be deemed frivolous, without probable cause, and not taken in good faith.

                    /s/ Muir
                    MUIR
                    United States District Judge